Everett Henry McDOULETT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15770.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1970.

Frank M. Rowell, Jr., Tulsa, for plaintiff in error.

No brief from Attorney General.

BUSSEY, Judge.

Everett Henry McDoulett, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County for the crime of Knowingly Concealing Stolen Property, and from the judgment and sentence fixing his punishment at not less than one, nor more than five years imprisonment in the state penitentiary and a fine of $500.00, he appeals.

In his Motion for New Trial, among other allegations, the defendant alleged:

"12. That prejudicial errors were made in failing to give instructions requested by the defendant.

13. That prejudicial error was made by this court in failing to instruct the jury. Said failure going to the very fundamentals of the lawsuit.

15. That prejudicial error was made in failing to strike from the instructions prepared by the court portions requested by the defendant."

The Motion for New Trial was overruled and the judgment and sentence was accordingly entered. Thereafter, defendant discovered that the trial court's instructions had not been filed, but had, in fact, been either lost or destroyed and an Amended Motion for New Trial was filed and a hearing held thereon on the 1st day of May, 1970, at which time it was acknowledged that the original instructions had not been filed and were either lost or destroyed. The Clerk has had incorporated in the record a purported copy of the court's instructions which he had obtained from the office of the District Attorney and filed. No stipulation or agreement appears of record that the copy filed is a full, true and complete copy of the instructions originally given together with the instructions refused, but to the contrary, it is alleged by the defendant in his brief that there are some discrepancies in the copy filed in the record and the copy received by the defendant prior to the judge instructing the jury.

Title 22 O.S. § 831 provides in pertinent part:

"6. * * * All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case."

In construing this statute, we have held that the refusal to give written instructions is reversible error. See Childs v. State, 24 Okl.Cr. 142, 216 P. 487. We are of the opinion that it is impossible to review the correctness or incorrectness of instructions given and refused when the instructions or charges given and those requested, are not filed as provided by law. In accordance with 22 O.S. § 831, supra, it appearing that through no fault of defendant, the instructions given and those refused were not filed in the manner provided by law, and specific objections were interposed to the instructions given and the court's refusal to give requested instructions in the defendant's Motion for New Trial filed prior to the rendition of judgment and sentence, we are of the opinion that the failure to comply with 22 O.S. § 831, under these circumstances, constitutes reversible error.

For the reasons above set forth, the judgment and sentence is reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.